(No. 5638—

WILLIAM SCHATZ, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1978.*

REED, ARMSTRONG, GORMAN & COFFEY, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, William Schatz, brought this action against the State of Illinois, as the result of an automobile accident. The claim consists of two counts. Count I alleges negligence on the part of the State of Illinois, and asks for $25,000.00 in damages for injuries to Claimant. Count II is in the nature of the third party action in which Claimant, William Schatz, is praying for damages because of money paid to Jerry W. Hunter, a minor, and Jerry E. and Jean Hunter in settlement of a personal injury action concerning the same automobile accident.

An automobile accident occurred on Sunday, April 23, 1967, between 1:00 and 2:00 p.m. on the Great River Road approximately one mile west of Clifton Terrace, Madison County, Illinois. Two automobiles were involved. Claimant, William Schatz, was driving a blue, 1963 Buick from Grafton, Illinois to Alton, Illinois. His wife, Brenda Schatz, was the only passenger.

The other automobile was a maroon, 1964 Chevrolet driven by Jerry E. Hunter. His passengers were Jean Hunter and a minor child, Jerry W. Hunter. The Hunter car was traveling west from Alton toward Grafton.

At the location of the accident, the Great River Road, was a road with four lanes generally running east and west with the Mississippi River running alongside on the south.

A new asphalt section of road ran into an older patched section of road and this is where the accident took place.

On the day of the accident, the road was wet and it had been raining for some time.

Claimant testified that his car was in good mechanical condition with practically brand new tires and that he had no problem steering or any other difficulties with his car.

From the accident area to Alton, the road had a number of dips in it which is not too uncommon for an asphalt road. Claimant was familiar with the area, having traveled the road many times before. He alleged that he was going 50 miles per hour on the new road surface and had slowed down to approximately 40 miles per hour as he approached the older section of the road. Claimant testified that as his auto went off the new road onto the old, it "stopped" as if hitting a hole in the road. The car then hit a series of ripples, causing the front end to bounce. He further testified that his vehicle then started sliding toward the river.

At this point, it appears there was not any guardrail between the road and the river. Claimant testified that he was trying to turn his car to the left and when he went off the paved road, he went onto the gravel shoulder and his car swerved from the eastbound lane into the westbound lane, hitting the Hunter automobile.

A State Trooper, Donald Johnson, testified that he

investigated the accident and described the scene as a four lane road with a dirt and gravel shoulder, and a dirt center median. There was a juncture between the new and old portions of the highway. The new road was smooth blacktop, with curbing, guardrails, and a nine inch high concrete divider, and he testified there was a "bit of a drop" of elevation from the new to the old road. He described the drop as not abrupt but feathered out.

Hueston Smith, a consulting engineer, testified that he examined the accident scene approximately seven months after the accident. It was his opinion there were differences in grade between the old and new sections which created a hazard.

Evidence was introduced to the effect that Claimant's insurance company had paid a considerable amount of money to the Hunter family for damages to their automobile and for personal injuries.

This Court has passed on similar situations many times. The law is very thoroughly reviewed in *30 Ill.Ct.Cl. 32*. Claimant must prove in cases like the present one that the State is guilty of negligence, and that it had reasonable notice of the dangerous condition and failed to warn the motoring public. Claimant must also prove that he was free from any contributory negligence and that the negligence of the State was the proximate cause of the accident.

The record is completely devoid as to any notice on the part of the State that a dangerous condition existed.

This Court has repeatedly held that the State is not an insurer of every accident that occurs on its highways. The accident in question occurred because Claim-

ant lost control of his car while going over a section of road he was familiar with on a day when it was raining to the extent that windshield wipers were necessary and the asphalt pavement was slippery.

Taking these facts into consideration and the lack of notice by the State as to there being a dangerous condition, if, in fact, there was such a condition, relieves the State of liability in the present case.

Award is hereby denied.